**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMAIL SALEEN WOODS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 08-CV-0272-CVE-PJC |
| | ) |
| JIM KEITH, Warden; | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondents. | ) |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 11). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 15) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2003-83. See Dkt. #1. The docket sheet provided by Respondent reflects that on October 24, 2003, the state district court found Petitioner guilty after accepting his plea of guilty to Robbery With Firearms. See Dkt. # 12, Ex. 1 at page 10 of 17. Petitioner was sentenced to fifteen (15) years imprisonment. Id. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id. at page 7 of 12. On October

19, 2004, Petitioner filed and the trial court denied a motion for judicial review/sentence modification. See id. at page 13 of 17.

On October 30, 2007, Petitioner filed an application for post-conviction relief. Id. at page 14 of 17. The state district court denied the application by order filed November 29, 2007. Id. at page 15 of 17. Petitioner appealed to the OCCA, and by order filed March 7, 2008, in Case No. PC-2007-1266, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 12, Ex. 3.

Petitioner commenced this habeas corpus action on May 7, 2008. See Dkt. # 1. Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. # 11.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his plea of guilty in Case No. CF-2003-83, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on November 3, 2003. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction, including the claims raised in the instant petition, began to run on November 3, 2003. Absent a tolling event, a federal petition for writ of habeas corpus filed after November 3, 2004, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period. The application for judicial review was filed on October 19, 2004, or before the limitations deadline.

3

It was not, however, a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n. 2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed.Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished).

Petitioner's application for post-conviction relief was not filed until October 30, 2007, or well after the November 3, 2004, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on May 7, 2008, appears to be untimely.

In his petition, Petitioner asserts that his attorney provided ineffective assistance in failing to advise him that he would be subject to the "85% Rule" imposed under state law for persons convicted of certain violent offenses.[1] See Dkt. # 1. As a result, Petitioner claims that his plea of guilty was not knowingly and voluntarily entered. Id. Petitioner relies on opinions issued by the Oklahoma Court of Criminal Appeals, Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006) (determining that juries should be instructed on the 85% Rule when it is applicable), and Ferguson

---

[1] Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla. Stat. tit. 21, § 13.1, on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.1.

v. State, 143 P.3d 218 (Okla. Crim. App. 2006) (finding that the defendant's no contest plea was involuntary where he was misadvised by his counsel concerning parole eligibility and he did not learn of the 85% Rule until after he was imprisoned), to formulate his claims. He asserts that his one-year limitations period did not begin to run until the issuance of the OCCA's opinions in Anderson and Ferguson. See Dkt. # 1 at 7-8.

Petitioner also filed a response (Dkt. # 15) to the motion to dismiss, claiming that his limited access to legal materials coupled with his facility being placed on "a statewide emergency lock-down" for six (6) weeks created an "external impediment" to his ability to file his petition timely. He also alleges that he could not file his petition in a timely manner as a result of "attenuating facts and circumstances created by the Oklahoma Court of Criminal Appeals ("OCCA") refusal of duty to interpret NEW law passed by the Oklahoma legislature." (Dkt. # 15 (emphasis in original)). Petitioner requests that the Court not find "that an un-counseled, unschooled, and ill-advised *pro se* prisoner ought to know and be aware to raise an issue unknown to him at the time of the plea -- to be knowing and savvy and suddenly assert the 85% claim." (Dkt. # 15 at 8). Petitioner further states that "[e]ven after D.O.C. classification team notified him that Petitioner's sentence fell under the 85% law, he was at a loss as to how to rectify what his attorney, and the trial court, had done." Id.

Petitioner has failed to convince the Court that his one-year limitations period began to run under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). The issuance of the Anderson and Ferguson decisions did not restart the limitations period under any theory proposed by Petitioner. First, Petitioner argues that under § 2244(d)(1)(B), the OCCA's refusal "to acknowledge its duty" to interpret the new sentencing law promptly constitutes an "impediment to filing an application created by State

5

action" and that his one-year limitations period did not begin until the impediment was removed by the issuance of the Anderson and Ferguson decisions. This argument is patently without merit. Petitioner could have and should have raised his claims challenging the validity of his plea by filing an application for post-conviction relief as soon as he learned that his sentence fell under the 85% Rule.  Petitioner has failed to explain how his ability to file a post-conviction application was impeded by the timing of the OCCA's rulings.  The Court further finds that Petitioner's conclusory allegations concerning limited access to legal materials and a facility lockdown are insufficient to warrant application of § 2244(d)(1)(B).  Section 2244(d)(1)(B) does not apply to save this habeas action.

Next, Petitioner's one-year period did not begin to run under § 2244(d)(1)(C). A habeas petition may be filed within one year of "the date on which the constitutional right asserted was initially recognized by the *Supreme Court*, if the right has been newly recognized by the *Supreme Court* and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C) (emphases added).  Petitioner relies on cases decided by a *state* court applying state law to resolve issues arising from the 85% Rule. Petitioner does not allege that the United States Supreme Court "newly recognized" any relevant constitutional right during the year prior to his filing of an application for post-conviction relief. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). As a result, § 2244(d)(1)(C) does not apply.

Lastly, under § 2244(d)(1)(D), the one-year period may also begin to run on "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  Petitioner admits that he was aware of the factual predicate of his claims when the DOC classification team notified him that his sentence fell

under the 85% Rule. Although he does not provide a date certain for this notification, the DOC Case Management policies require case managers to develop individualized accountability plans using an "Adjustment Review" form. See OP-060101, viewed at www.doc.state.ok.us. The form contains information concerning an inmate's sentence, including whether it falls under the 85% Rule. See DOC 060203A. Thus, it would appear that Petitioner became aware, or could have become aware through the exercise of due diligence, that his sentence fell under the 85% Rule when he met with his case manager to review the "Adjustment Review" form, shortly after he was received into DOC custody in January 2004. As argued by Respondent, Petitioner's reliance on Anderson and Ferguson is based on the legal significance of facts long known to him. See Dkt. # 12 (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he trigger in Section 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance.")). Therefore, Petitioner's one-year period did not begin to run under § 2244(d)(1)(D) when the Anderson and Ferguson decisions were issued in 2006.

Even if the Court were to assume, for the sake of argument, that the one-year period began to run with the issuance of the opinions cited by Petitioner, the Court finds this action is still untimely. The later of the two opinions, Ferguson, 143 P.3d 218 (Okla. Crim. App. 2006), was issued August 30, 2006. If credited with a start date of August 30, 2006, Petitioner had to file his federal habeas petition within one year, or on or before August 30, 2007. Petitioner is not entitled to tolling under § 2244(d)(2) because he did not file his post-conviction application until October 30, 2007, or two (2) months beyond the deadline. As a result, the pendency of the post-conviction proceeding did not toll the limitations period. The federal habeas petition, filed May 7, 2008, is

untimely even if the filing date of the Ferguson opinion served as the start date of Petitioner's one-year period.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. The Court recognizes that Petitioner appears *pro se*, avers that he is "unschooled and ill-advised," and makes a conclusory statement concerning his limited access to legal materials. However, Petitioner's vague and conclusory statements concerning his lack of legal knowledge and his lack of access to legal assistance or a law library are insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to

extraordinary circumstances beyond his control. Gibson, 232 F.3d at 808. Furthermore, Petitioner has not demonstrated that he pursued his federal claims diligently. As a result, Petitioner is not entitled to equitable tolling.

The Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 11) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
3. A separate Judgment shall be entered in this case.

**DATED** this 9th day of January, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT